ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| ALESSANDRO CHIOCCHETTI<br><br>Recurrido<br><br>v.<br><br>CARLOS LOIZ; **AV CARIBBEAN, LLC**; AV CARIBBEAN, LLC (PR) Y OTROS<br><br>Peticionario | TA2026CE00691<br><br><br><br>consolidado con | *Certiorari*, procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2025CV04491<br><br>Sobre: Cobro de Dinero – Ordinario; Incumplimiento de Contrato; Daños y Perjuicios |
| ALESSANDRO CHIOCCHETTI<br><br>Recurrido<br><br>v.<br><br>**CARLOS LOIZ**; AV CARIBBEAN, LLC; AV CARIBBEAN, LLC (PR) Y OTROS<br><br>Peticionario | TA2026CE00692<br><br><br><br>consolidado con | *Certiorari*, procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2025CV04491<br><br>Sobre: Cobro de Dinero – Ordinario; Incumplimiento de Contrato; Daños y Perjuicios |
| ALESSANDRO CHIOCCHETTI<br><br>Recurrido<br><br>v.<br><br>CARLOS LOIZ; AV CARIBBEAN, LLC; **AV CARIBBEAN, LLC (PR)** Y OTROS<br><br>Peticionario | TA2026CE00693 | *Certiorari*, procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2025CV04491<br><br>Sobre: Cobro de Dinero – Ordinario; Incumplimiento de Contrato; Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de junio de 2026.

Comparecen AV Caribbean, LLC ("AV Caribbean (Virginia)"), Carlos Loiz ("señor Loiz") y AV Caribbean, LLC ("AV Caribbean (PR)") (en conjunto, "Peticionarios"), respectivamente, mediante los recursos clasificados alfanuméricamente como **TA2026CE00691**, **TA2026CE00692** y **TA2026CE00693**. Nos solicitan que revisemos una *Resolución Interlocutoria*

emitida el 1 de mayo de 2026, notificada el 4 de mayo de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan ("TPI"). En virtud del aludido dictamen, el TPI denegó unas solicitudes de desestimación instadas por los peticionarios, al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V., R. 10.2.

Por los fundamentos que proceden, *denegamos* la expedición de los autos de *certiorari* solicitados.

**I.**

El 29 de septiembre de 2025, Alessandro Chiocchetti ("señor Chiocchetti" o "Recurrido) instó una *Segunda Demanda Enmendada* sobre cobro de dinero, incumplimiento contractual y daños y perjuicios en contra del señor Loiz y las corporaciones de un mismo nombre, AV Caribbean, LLC, debidamente registradas en Puerto Rico y el estado de Virginia. En síntesis, alegó que contrató los servicios de AV Caribbean para la adquisición y eventual instalación de unos paneles acústicos. Expuso que, posterior al pago total del valor de la mercancía, alrededor de un (1) mes después, AV Caribbean le comunicó que los paneles acústicos ordenados no se encontraban disponibles, razón por la cual tendría que esperar dieciséis (16) semanas para recibirlos. Manifestó que, como consecuencia, solicitó la entrega de los demás materiales y el reembolso de $14,232.00, correspondiente a los paneles que no se encontraban disponibles. No obstante, alegó que AV Caribbean se negó, ya que, al ser una orden especial, no era reembolsable. Adujo que, al momento, no se le han entregado ninguno de los materiales, ni se le han devuelto los fondos ya pagados. Por consiguiente, solicitó la devolución de los $38,000.00 pagados, una suma no menor de $50,000.00, por concepto de indemnización por daños y perjuicios, así como el pago de las costas y honorarios de abogados.

Tras varias instancias, el 18 de diciembre de 2025, AV Caribbean (PR), presentó una *Solicitud de Desestimación*. En síntesis, expuso que la demanda no contenía alegaciones en su contra, ya que no se le imputa acto u omisión alguna. Puntualizó que AV Caribbean y AV Caribbean (PR) son personas jurídicas distintas. Por tanto, solicitó la desestimación de la causa de acción

instada en su contra, al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra.*

El 12 de enero de 2026, el señor Chiocchetti notificó una *Moción a Oposición a Solicitud de Desestimación.* Manifestó que el señor Loiz es el agente residente de AV Caribbean (PR). Expuso que el señor Loiz utilizó a AV Caribbean (Virginia) y AV Caribbean (PR) como un *alter ego* para encubrir actos dolosos o negligentes. A su vez, sostuvo que AV Caribbean (Virginia) generó negocios en Puerto Rico utilizando la dirección de AV Caribbean (PR). Como corolario, arguyó que, tomando como ciertas las alegaciones de la demanda, no procedía la desestimación.

A su vez, el 19 de febrero de 2026, el señor Loiz presentó una *Moción de Desestimación.* Manifestó que las corporaciones ostentan una personalidad jurídica independiente a la de sus accionistas. Expuso que de las alegaciones no surge una reclamación en su contra, en su carácter personal. Asimismo, sostuvo que tampoco surgen alegaciones conducentes a descorrer el velo corporativo y el señor Chiocchetti tampoco ha presentado prueba a esos efectos. Por tanto, arguyó que procede la desestimación de la demanda instada en su contra.

En igual fecha, AV Caribbean (Virginia) radicó una *Solicitud de Desestimación y Compeler a Mediación.* Manifestó que las partes acordaron que, previo a iniciar un proceso judicial, cualquier controversia relacionada con la transacción sería atendida mediante mediación. En ese sentido, precisó que, al procurar los servicios de AV Caribbean (Virginia) mediante su página web, el señor Chiocchetti aceptó sus Términos y Condiciones, los cuales incluían una cláusula de mediación. Como resultado, arguyó que, mientras no se agoten los remedios, el tribunal carece de jurisdicción para atender la reclamación. De igual manera, razonó que, debido a la falta de jurisdicción, la demanda no exponía una reclamación que justificara la concesión de un remedio.

El 11 de marzo de 2026, el señor Chiocchetti notificó una *Moción en Oposición a Petición de Desestimación del Codemandado Carlos Loiz [SUMAC Núm. 49].* Expresó que los hechos alegados revelan que el señor Loiz no se limitó

a ejercer su rol corporativo, sino que, en su carácter personal, actuó de manera independiente y negligente en perjuicio de la parte recurrida. Precisó que los siguientes actos constituyeron conducta consistente con el uso de la corporación como un *alter ego*: (1) suscribir un contrato para proveer un equipo de paneles acústicos por la cantidad de $50,301.24; (2) recibir $38,000.00 por parte del señor Chiocchetti para la adquisición de los materiales; (3) no entregar el equipo ya pagado; (4) justificar el incumplimiento al alegar, sin evidencia, que los paneles se encontraban en *backorder*; y (5) cortar toda comunicación con el señor Chiocchetti. Asimismo, sostuvo que la referida conducta configuró un incumplimiento doloso, deliberado y de mala fe. Siendo así, razonó que, en esta etapa de los procedimientos, no procedía la desestimación de la acción presentada en contra del señor Loiz.

Ese mismo día, el señor Chiocchetti radicó una *Moción en Oposición a Petición de Desestimación de la Codemandada AV Caribbean LLC [SUMAC Núm. 51]*. Arguyó que nuestro ordenamiento no exige el cumplimiento de una cláusula de mediación compulsoria cuando se ha incumplido con el objeto de la prestación y cuando una de las partes actuó de mala fe. En ese sentido, alegó que intentó entablar comunicaciones extrajudiciales con AV Caribbean (Virginia), a los fines de iniciar el proceso de mediación, pero fueron ignoradas. Sostuvo, además, que, ante un claro escenario de incumplimiento contractual, procedía la resolución de dicho negocio jurídico. Razonó que, debido a que AV Caribbean (Virginia) no cumplió con la obligación principal del contrato, estaba facultado a incumplir con la obligación contractual accesoria de someterse a mediación. Asimismo, esbozó que las alegaciones cumplieron con el estándar de plausibilidad, por lo que no procedía la desestimación bajo la Regla 10.2 (5) de Procedimiento Civil, *supra.*

Consecuentemente, el 16 de marzo de 2026, AV Caribbean (Virginia) notificó una *Réplica de AV Caribbean LLC a Oposición de Desestimación presentada por la Parte Demandante.* Expuso que, contrario a lo sostenido por el señor Chiocchetti, nuestro ordenamiento exigía que se cumpliera con el pacto de mediación suscrito entre las partes. Particularizó que las controversias que

se desprenden de un contrato no invalidan las cláusulas de mediación contenidas en el mismo. En cuanto a las presuntas comunicaciones extrajudiciales realizadas por el señor Chiocchetti, señaló que estas no podían interpretarse como el agotamiento del remedio contractual pactado entre las partes. Así, también, indicó que la mala fe o el dolo tampoco tienen el efecto de anular una cláusula de mediación.

El 25 de marzo de 2026, el señor Loiz radicó una *Réplica a Oposición de Desestimación de la Demanda sobre el codemandado Carlos Loiz*. Arguyó que, mediante su Oposición, el señor Chiocchetti intentó transformar actuaciones corporativas ordinarias en actos que acarrean responsabilidad personal. Expuso, a su vez, que trató de suplir a través de su argumentación unas alegaciones que no fueron incluidas en la Demanda. Siendo así, reiteró que la Demanda no contenía alegaciones en contra del señor Loiz, en su carácter personal.

Por su parte, el 15 de abril de 2026, el señor Chiocchetti presentó una *Dúplica a Réplica presentada por la parte demandada Carlos Loiz, SUMAC #64* y una *Dúplica a Réplica presentada por la parte demandada AV Caribbean* en virtud de las cuales sostuvo los argumentos previamente planteados. Aquilatadas las solicitudes de desestimación, el 4 de mayo de 2026, el TPI emitió una *Resolución Interlocutoria* a través de la cual denegó las mismas.

Inconformes, el 29 de mayo de 2026, AV Caribbean (Virginia), el señor Loiz y AV Caribbean (PR) acudieron ante nos, de manera respectiva, mediante los recursos clasificados alfanuméricamente como **TA2026CE00691**, **TA2026CE00692** y **TA2026CE00693**.

En virtud del recurso **TA2026CE00691**, AV Caribbean esbozó los siguientes señalamientos de error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE SAN JUAN, AL DECLARAR SIN LUGAR LA MOCIÓN DE DESESTIMACIÓN Y COMPELER MEDIACIÓN, DESATENDIENDO LA POLÍTICA PÚBLICA VIGOROSA EN PUERTO RICO A FAVOR DE LOS MÉTODOS ALTERNOS DE RESOLUCIÓN DE DISPUTAS.**

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, AL PERMITIR QUE LA PARTE RECURRIDA EVADIERA EL CUMPLIMIENTO DE UNA CLÁUSULA**

**CONTRACTUAL DE MEDIACIÓN PREVIA, VÁLIDA, CLARA, VINCULANTE E INDEPENDIENTE DE LA CONTROVERSIA SUSTANTIVA, MEDIANTE LA MERA ALEGACIÓN DE INCUMPLIMIENTO CONTRACTUAL, A PESAR DE QUE DICHA CLÁUSULA ES EXIGIBLE AUN ANTE RECLAMACIONES RELACIONADAS CON EL INCUMPLIMIENTO DEL CONTRATO PRINCIPAL.**

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, AL DECLARAR NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN SIN REALIZAR UN ANÁLISIS SOBRE LA CLÁUSULA CONTRACTUAL DE MEDIACIÓN COMPULSORIA, A PESAR DE QUE EL CONTRATO VIGENTE ENTRE LAS PARTES EXIGÍA AGOTAR DICHO MECANISMO COMO CONDICIÓN PREVIA A LA PRESENTACIÓN DE UNA ACCIÓN JUDICIAL, LO QUE PRIVABA AL TRIBUNAL DE JURISDICCIÓN PARA ATENDER LA CONTROVERSIA EN ESA ETAPA.**

De otra parte, a través del recurso **TA2026CE00692**, el señor Loiz consignó los siguientes señalamientos de error:

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA MOCIÓN DE DESESTIMACIÓN A PESAR DE QUE LA DEMANDA NO CONTIENE ALEGACIONES FÁCTICAS SUFICIENTES PARA IMPUTAR RESPONSABILIDAD PERSONAL AL SR. LOIZ NI PARA ACTIVAR LA DOCTRINA EXCEPCIONAL DE DESCORRER EL VELO CORPORATIVO.**

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EQUIPARAR LAS ACTUACIONES ORDINARIAS DE UN MIEMBRO-ADMINISTRADOR DE UNA CRL CON CONDUCTA PERSONAL GENERADORA DE RESPONSABILIDAD INDIVIDUAL, EN CONTRAVENCIÓN A LA LEY GENERAL DE CORPORACIONES Y LA JURISPRUDENCIA NORMATIVA.**

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE DESESTIMACIÓN PRESENTADA POR EL SR. LOIZ EN SU CARÁCTER PERSONAL SIN REALIZAR ANÁLISIS ALGUNO SOBRE LA DOCTRINA DE DESCORRIMIENTO DEL VELO CORPORATIVO.**

Finalmente, mediante el recurso **TA2026CE00693**, AV Caribbean (PR) señaló el siguiente error:

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN AL CONCLUIR QUE LA DEMANDA CONTIENE ALEGACIONES DE HECHOS ESPECÍFICOS PARA SUBSISTIR LA SOLICITUD DE DESESTIMACIÓN, AUN CUANDO DICHAS ALEGACIONES SON GENERALIZADAS, CONCLUSORIAS Y CARECEN DE HECHOS ESPECÍFICOS QUE ESTABLEZCAN, DE FORMA INDIVIDUALIZADA, LA PARTICIPACIÓN DE AV CARIBBEAN, LLC PUERTO RICO EN LA CONDUCTA IMPUTADA.**

El 2 de junio de 2026, este Tribunal emitió una *Resolución* en virtud de la cual consolidamos los recursos, en aras a la economía procesal, y mediante la cual le otorgamos a la parte recurrida un término para presentar su alegato en

oposición. En cumplimiento, el 10 de junio de 2026, la parte recurrida radicó su *Alegato en Oposición a la Expedición de los Autos de Certiorari Consolidados*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

## II.

## -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1., delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Caribbean,* 202 DPR 478, 487 (2019). En lo pertinente, la referida regla, *supra,* dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello,* 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

Nuestro esquema procesal no exige requisitos complicados para la redacción de una acción judicial. *Rivera, Lozada v. Universal,* 214 DPR 1007, 1020 (2024); *León Torres v. Rivera Lebrón,* 204 DPR 20, 40 (2020). A esos fines, la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1, regula los elementos concernientes a las alegaciones, a saber: (1) una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y (2) una solicitud del remedio a que crea tener derecho. Podrán, también, ser solicitados remedios alternativos o de diversa naturaleza. 32 LPRA Ap. V, R. 6.1.

Basta redactar una información inicial escueta de los hechos pues las alegaciones serán ampliadas "como resultado de los procedimientos posteriores de descubrimiento de prueba". *Rivera Candela v. Universal Insurance Company, supra* (citando a J.A. Echevarría Vargas, *Procedimiento civil puertorriqueño,* 3a ed. rev., Bogotá, Ed. Nomos, S.A., 2023, pág. 92). Lo esencial es notificar a la parte adversa, a grandes rasgos, sobre cuáles son las reclamaciones en su contra para que pueda comparecer si así lo desea. *Torres, Torres v. Torres Serrano,* 179 DPR 481, 501 (2010); *Sánchez v. Aut. de los Puertos, Sánchez v. Aut. de los Puertos,* 153 DPR 559, 569-570 (2001).

No obstante, cuando la reclamación judicial instada carezca de alegaciones específicas o suficientes, la parte adversa tiene el derecho de solicitar la desestimación a tenor con la Regla 10.2(5) de Procedimiento Civil, *supra,* 32 LPRA Ap. V, R. 10.2(5). Véase, también, *Eagle Security Police, Inc. v. Dorado,* 211 DPR 70, 83 (2023). En específico, el precitado inciso reglamentario dispone que procede la desestimación por dejar de exponer una reclamación que justifique la concesión de un remedio. 32 LPRA Ap. V, R. 10.2 (5). Ahora bien, como norma general, no procede la desestimación salvo se deduzca con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación. *El Día, Inc. v. Mun. de Guaynabo,* 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera,* 184 DPR 407, 423 (2012).

En estos casos, el tribunal tiene el deber de interpretar las alegaciones de manera conjunta y liberalmente a favor de la parte demandante para facilitar el amparo judicial. *Eagle Security Police, Inc. v. Dorado, supra,* pág. 85. Particularmente le compete "ponderar si, a la luz de la situación más favorable al demandante y resolviendo toda duda a su favor, la demanda es suficiente para establecer una reclamación válida". *Íd.* Ello evita que un litigante quede privado de su día en corte, que es una medida procedente solo en casos extremos. *Costas Elena y otros v. Magic Sport y otros,* 213 DPR 523 (2024), citando a R. Hernández Colón, *Derecho Procesal Civil,* 6ta ed., San Juan, LexisNexis, 2017, pág. 307.

Conviene señalar que, el Tribunal Supremo de Puerto Rico en *Acquisitions, LLC v. Municipio de Yabucoa,* 210 DPR 384, 397 (2022), discute el examen aplicable a las mociones fundamentadas en la insuficiencia de las alegaciones:

> [A]l interpretar de manera conjunta las citadas Reglas 6.1 y 10.2, podemos colegir que cuando se pretende desestimar la totalidad de una demanda que solicita remedios alternativos, se debe examinar si las alegaciones sustentan la concesión de dichos remedios. Es decir, como las alegaciones pretenden bosquejar las distintas reclamaciones y proveer a cada una de ellas unos remedios, una moción de desestimación sobre la totalidad de la demanda debe mover la conciencia del juzgador a concluir que, si al dar por cierto las alegaciones bien hechas, no existe remedio al que la parte tenga derecho. El juzgador deberá auscultar, en ese sentido, si la parte demandante no tiene derecho alguno a que se ventile el pleito, ya sea al amparo del remedio principal o del alternativo.

Una vez el juzgador analice ponderadamente que, de manera principal o en la alternativa, no existe remedio alguno en derecho, se encontrará en posición para decidir si desestima total o parcialmente una demanda. *La Comisión de los Puertos de Mayagüez v. González Freyre,* 211 DPR 579, 615 (2023). Si luego comprende que no se cumple con el estándar de plausibilidad, entonces debe desestimar la acción judicial, pues no puede permitir que proceda una demanda insuficiente bajo el pretexto de que se probarán las alegaciones conclusorias con el descubrimiento de prueba. *Costas Elena v. Magic Sport Culinary Corp., supra,* (citando a R. Hernández Colón, *Derecho Procesal Civil, supra,* pág. 307). En cambio, si concluye que las alegaciones cumplen con el estándar de suficiencia le corresponde denegar la petición de desestimación.

**-C-**

En nuestro ordenamiento jurídico, las corporaciones poseen una personalidad jurídica distinta y separada a la de sus accionistas. *Eagle Security Police, Inc. v. Dorado*, 211 DPR 70, 85 (2023). Como normal general, la responsabilidad de sus accionistas está generalmente limitada al capital que estos han aportado a la misma. *DACo v. Alturas de Fl. Dev. Corp. y otro*, 132 DPR 905, 924-925 (1993).

No obstante, los Tribunales podrán descartar la personalidad jurídica de las corporaciones, es decir, descorrer el velo corporativo, cuando estás sean un *alter ego* o conducto económico pasivo de sus accionistas. *Íd.*, pág. 925. Se ha establecido que la corporación es un *alter ego* cuando sus únicos accionistas reciben exclusiva y personalmente los beneficios producidos por la gestión corporativa. *Íd.*, pág. 925, citando a *Cruz v. Ramírez,* 75 DPR 947, 754 (1954). El mero hecho de que un solo accionista sea dueño de todas las acciones de una corporación no implica necesariamente que sea un *alter ego* de la persona natural ni que exista confusión o mutualidad de sus intereses, de manera que amerite la imposición de responsabilidad individual. *Íd.*, pág. 926.

Algunos factores importantes para determinar si existe tal confusión entre la persona del accionista y la corporación son: (1) el control del accionista sobre los asuntos corporativos; (2) el trato de los activos de la corporación como activos personales; (3) el retiro irrestricto del capital corporativo; (4) la mezcla de activos personales con activos corporativos; (5) la estructura de capital inadecuada de la corporación; (6) la falta de archivos corporativos; (7) la inobservancia de formalidades corporativas; (8) la inactividad de los demás oficiales y directores; (9) la práctica de no declarar dividendos; y (10) la presentación pública del accionista como responsable en su carácter personal por las obligaciones de la corporación, y por el manejo de la corporación, sin atención a su personalidad independiente. C. Díaz Olivo, *Corporaciones*, Puerto Rico, Publicaciones Puertorriqueñas, 1999, pág. 55.; *DACo v. Alturas Fl. Dev. Corp. y otro, supra,* pág. 928.

El peso de la prueba descansa en la parte que propone la imposición de responsabilidad individual a los accionistas, y corresponde al foro sentenciador en última instancia determinar si procede el levantamiento del velo corporativo. *DACo v. Alturas Fl. Dev. Corp. y otro*, *supra*, pág. 926. La parte que propone rasgar el velo corporativo deberá argüir, además, que reconocer la personalidad jurídica independiente equivaldría a sancionar un fraude, promover una injusticia, evadir una obligación estatutaria, derrotar la política pública, justificar la inequidad, o defender el crimen. *Íd., supra*, pág. 927; *Casco Sales v. Mun. de Barranquitas*, 172 DPR 825, 832 (2007).

A su vez, quien solicita descorrer el velo corporativo, tendrá que sostener que existe una relación causal entre la utilización de la corporación como un instrumento o *alter ego* y el fraude o acto ilegal perpetuado. Díaz Olivo, *op. cit.*, págs. 140-141; *D.A.Co. v. Alturas Fl. Dev. Corp. y otro, supra*, pág. 927. Para que se justifique rasgar el velo corporativo, la prueba presentada deberá ser fuerte y robusta. *San Miguel Fertil. Corp. v. Puerto Rico Drydock*, 94 DPR 424, 430 (1967).

**-D-**

El contrato es el negocio jurídico bilateral mediante el cual dos o más partes consienten para crear, regular, modificar o extinguir obligaciones. Art. 1230 del Código Civil, 31 LPRA sec. 9751. Las partes contratantes quedan obligadas a las condiciones y a los términos pactados cuando concurren los elementos de consentimiento, objeto y causa. Art. 1237 del Código Civil, 31 LPRA sec. 9771; *Engineering Services v. AEE,* 209 DPR 1012, 1027 (2022). En otras palabras, el contrato surge al momento en que las partes consienten en obligarse a cumplir con determinadas prestaciones. *Amador v. Conc. Igl. Univ. De Jesucristo,* 150 DPR 571, 581-582 (2000). Aquellas obligaciones derivadas de un contrato tendrán fuerza de ley para las partes y deberán cumplirse, según se hayan delimitado, siempre que no sean contrarias a la ley, la moral o las buenas costumbres. Arts. 304 y 1233 del Código Civil, 31 LPRA secs. 6242 y 9754.

En cuanto a la interpretación de los acuerdos suscritos entre los contratantes, el Art. 354 del Código Civil, 32 LPRA sec. 6342, dispone que "[s]i los términos de un negocio jurídico bilateral son claros y no dejan duda sobre la

intención de las partes, se estará al sentido literal de sus palabras". Ante ello, el Tribunal Supremo ha resuelto que "se debe seguir la letra clara del contrato, cuando ésta refleja inequívocamente la voluntad de las partes". *Hope Tucker v. Money Group, LLC*, 217 DPR __ (2026), 2026 TSPR 9 (resuelto el 27 de enero de 2026), citando a *S.L.G. Irizarry v. S.L.G. García*, 155 DPR 713, 726 (2001). Es decir, los términos de un contrato se reputan claros "cuando por sí mismos son bastante lúcidos para ser entendidos en un único sentido, sin dar lugar a dudas, controversias ni diversidad de interpretaciones y sin necesitar para su comprensión, razonamientos o demostraciones susceptibles de impugnación". *S.L.G. Francis-Acevedo v. SIMED*, 176 DPR 372, 387 (2009).

### III.

En el recurso consolidado que nos ocupa, las partes peticionarias nos solicitan que revisemos y revoquemos la *Resolución Interlocutoria* mediante la cual el TPI denegó sus solicitudes de desestimación instadas al amparo de la Regla 10.2 de Procedimiento Civil, *supra.*

Mediante el recurso **TA2026CE00691**, AV Caribbean (Virginia) arguye, en síntesis, que el foro de instancia erró al denegar su *Moción de Desestimación y Compeler Mediación*. Reitera que, previo a la presentación de una acción judicial, el señor Chiocchetti venía obligado a agotar el mecanismo de mediación pactado contractualmente. Expone que, en nuestro ordenamiento, existe una clara política pública a favor de los métodos alternos de resolución de disputas, la cual fue ignorada por el foro de instancia. A su vez, manifiesta que una cláusula de mediación es exigible aún ante reclamaciones de incumplimiento contractual.

No existe controversia respecto a que el contrato suscrito entre las partes contiene la siguiente cláusula de mediación:

> By placing an order or accepting the purchase of products or services, **the Client agrees that any dispute arising from the transaction shall be <u>preferably resolved</u> through professional and impartial mediation before pursuing legal action.**
> - The process aims to restore relationships, avoid litigation, and achieve fair outcomes through a certified mediator.
> - The Client shall be responsible for all associated costs unless otherwise agreed in writing.

- By agreeing to these Terms, the Client waives the right to initiate legal action related to the transaction, except where required by law or for immediate injunctive relief.[1]

(Énfasis y subrayado suplido)

Mediante esta pactaron someter, de manera preferente, al método alterno de mediación cualquier reclamación que surgiera a base de la transacción. En ese sentido, la frase "*preferably resolved*" implica prioridad o preferencia a favor del método alterno de mediación, pero no equivale a una obligación absoluta. Dicho de otra manera, la cláusula no les exige obligatoriamente someter el asunto a mediación previo a iniciar una acción judicial.

Por otra parte, en virtud de los recursos **TA2026CE00692** y **TA2026CE00693**, los apelantes sostienen que procedía desestimar las reclamaciones instadas en contra del señor Loiz y AV Caribbean (PR) al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra*.

Por un lado, el señor Loiz expone que procede desestimar la reclamación instada en su carácter personal, debido a que la *Segunda Demanda Enmendada* no contiene alegaciones que le imputen responsabilidad personal o que justifiquen descorrer el velo corporativo. Expresa, además, que los actos imputados fueron cometidos en el curso ordinario de los negocios de AV Caribbean.

De otra parte, AV Caribbean (PR) aduce que de las alegaciones tampoco surgen alegaciones específicas en su contra, ya que es una corporación independiente a AV Caribbean (Virginia).

Tras un examen de las alegaciones contenidas en la *Segundada Demanda Enmendada,* constatamos que el señor Chiocchetti alegó que el señor Loiz, actuando de manera personal, lo indujo a pagar, a sabiendas de que el producto no estaba disponible, incurriendo en mala fe y fraude corporativo. Precisó que el señor Loiz etiquetó cargos de envío inexistentes, rechazó el reembolso exigido y autorizó la facturación de impuestos de Virginia, a pesar de que la entrega sería en Puerto Rico. Asimismo, señaló que las direcciones de AV Caribbean (Virginia) y AV Caribbean (PR) provistas por el señor Loiz no correspondían a lugares en

---

[1] Apéndice del Recurso, Entrada Núm. 51, Anejo Núm. 1, pág. 3.

donde las corporaciones llevaran a cabo operaciones. Elaboró que tal situación, en conjunto con los actos del señor Loiz, denotaba la apariencia de una estructura corporativa ficticia o fraudulenta.

A su vez, destacamos que, a pesar de que AV Caribbean (PR) y AV Caribbean (Virginia) operan bajo un mismo nombre y compartían un mismo agente, son entidades distintas, registradas en jurisdicciones diferentes. No obstante, conforme surge de la prueba documental, el *Price Quote: #0000163* fue suscrito por AV Caribbean (PR), mientras que el *Price Quote: #0000166* y el *Invoice #0000159* fueron emitidos por AV Caribbean (Virginia), mientras ambas corporaciones estaban siendo representadas simultáneamente por el señor Loiz. Como consecuencia de la aparente confusión entre las entidades, a través de las alegaciones, el señor Chiocchetti se refirió a ambas corporaciones como AV Caribbean sin diferenciarlas.

Así dispuesto, luego de un examen cuidadoso del expediente, a la luz de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra*, no identificamos razón por la cual esta Curia deba intervenir en esta etapa de los procedimientos. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. En los recursos **TA202600691, TA2026CE00692 y TA2026CE00693** que aquí atendemos no se nos ha demostrado que al denegar desestimar las reclamaciones bajo el fundamento enmarcado en la Regla 10.2 (5) de Procedimiento Civil, *supra*, el foro de instancia incurriera en un craso abuso de discreción, en un error en la interpretación o la aplicación de alguna norma procesal o de derecho sustantivo o hubiera sido arbitrario.

**IV.**

Por los fundamentos que anteceden, *denegamos* la expedición de los autos de *certiorari* solicitados.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones